IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

   v.                                    *     Crim. No. RWT-11-0091

WILLIAM LAWRENCE CASSIDY     *

## MOTION FOR A BILL OF PARTICULARS

Defendant William Lawrence Cassidy, through counsel, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), for an Order directing the Government to provide a bill of particulars regarding the allegations in the Indictment. The Indictment charges that Mr. Cassidy

> with the intent to harass and cause substantial emotional distress to a person in another state, used an interactive computer service and a facility of interstate commerce, to engage in a course of conduct that caused substantial emotional distress to that person, to wit: the posting of messages on twitter.com and other Internet websites concerning a person whose initials are A.Z.

The time frame mentioned in the Indictment is "between in or about January 2009 and in or about December 2010."

The Indictment does not indicate which message or messages the Government believes violate the statute, when they occurred in the two-year period, the manner in which they were transmitted, other than indicating that they were posted on "twitter.com and other Internet websites," the

identity of the "person in another state" or the nature of the "substantial emotional distress to that person. As set forth in the accompanying memorandum, the omission of this information from the Indictment greatly hinders the ability of Mr. Cassidy to mount a defense in this case. Accordingly, this Court should remedy the generalized Indictment filed in this case by granting his request for a Bill of Particulars.

Mr. Cassidy respectfully requests oral argument on this motion. A proposed Order is attached.

        Respectfully submitted,

        JAMES WYDA
        Federal Public Defender


        _____
        JAMES WYDA
        Federal Public Defender
        EBISE BAYISA
        Assistant Federal Public Defender
        LAUREN E. CASE
        Staff Attorney
        Office of the Federal Public Defender
        6411 Ivy Lane, Suite 710
        Greenbelt, MD 20770
        301/344-0600

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. RWT-11-0091 |
| WIILIAM LAWRENCE CASSIDY | * | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION  FOR A BILL OF PARTICULARS

INTRODUCTION

The allegations in the current Indictment are insufficient to permit Mr. Cassidy to prepare adequately for trial.  The Government charged Mr. Cassidy with one count of "interstate stalking" in violation of 18 U.S.C. § 2261(A)(2)(A). Specifically, the Government alleges that "[b]etween in or about January 2009 and in or about December 2010," Mr. Cassidy "with the intent to harass and cause substantial emotional distress to a person in another state, used an interactive computer service and a facility of interstate commerce, to engage in a course of conduct that caused substantial emotional distress to that person, to wit: the posting of messages on twitter.com and other Internet websites concerning a person whose initials are A.Z."  See Indictment, attached hereto as Exhibit A.

The Indictment contains no further information about what these messages were, when or how they were transmitted, the identity of the alleged victim, or the nature of the victim's harm.

ARGUMENT

The Indictment in this case is insufficient to permit Mr. Cassidy to prepare for trial. Accordingly, he seeks additional information about the charges. As demonstrated below, the appropriate remedy is to issue a bill of particulars, ordering the Government to specify which conduct the Government believes to be violative of the charged statute.[1]

As the Court is aware, a bill of particulars is warranted when the requested information is necessary "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead acquittal or conviction in bar of another prosecution for the same offense." United States v. Schembari, 484 F.2d 931-934-35 (4th Cir. 1973); see also United States v. Duncan, 598 F.2d 839, 848 (4th Cir. 1979)(stating that "the facts alleged should be sufficiently detailed to apprise the defendant of the charged against him so that he may prepare his defense. This latter function . . . may often be satisfied through the use of a bill of particulars . . . .")(footnote omitted). As the Supreme Court observed long ago:

> Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.

United States v. Hess, 124 U.S. 483, 487 (1888); see also United States v. Helmel,

---

[1] A proposed order is attached hereto.

2

769 F.2d 1306, 1322 (8th Cir. 1985)(observing that "it is generally sufficient that an indictment set forth the offense in the words of the statute itself . . .' as long as the elements of the offense are delineated and the general statement is accompanied by the specific facts constituting the offense.")(quoting Hamling v. United States, 418 U.S. 87, 117-18 (1974)); United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971)(noting that the purpose of a bill of particulars is to inform the defendant of the nature of the charges so that he or she may adequately prepare a defense, avoid surprise during trial, and protect a defendant against a second prosecution for an inadequately described offense and that a bill of particulars should fulfill this function "when the indictment itself is too vague and indefinite for such purposes")(citation omitted).  Where a charging document uses generic rather specific factual allegations, a bill of particulars may be necessary "to clarify the specific factual theory (or theories) upon which the Government intends to proceed." United States v. Chandler, 753 F.2d 360, 362 (4th Cir. 1985).

  Based on these well-settled principles, a bill of particulars is necessary in this case to provide the defense team with certain essential information about the alleged offense.  Perhaps the most glaring omission from the Indictment is the failure to include which messages are alleged to run afoul of the charged statute.  The "posting of messages on www.twitter.com and other Internet websites concerning a person whose initials are A.Z." during a nearly two-year period (the Indictment states "in or about January 2009 and in or about December 2010") is hardly sufficient to allow Mr. Cassidy to mount a defense in this case.  See United

3

States v. Trie, 21 F.Supp.2d 7, 21 (D.D.C. 1998)(noting that, in a false statement prosecution, "a defendant should not have to waste precious pre-trial preparation time guessing which statements he has to defend against. . . . when the Government knows precisely the statements on which it intends to rely and can easily provide the information").

Moreover, the quandary Mr. Cassidy finds himself in is similar to that faced by the defendant in United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987). There, the Government charged the defendant with conspiracy to defraud the United States, mail fraud, and racketeering. The scheme was alleged to involve fraudulent invoices for burglary losses. The defendant sought a bill of particulars which would have required the Government to reveal the dates of the burglaries and the identify of allegedly falsified documents. The district court denied the motion.

In reversing this ruling, the Second Circuit held that the defendants "were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information" about the nature of the charges. Id. at 574.; Id. at. 575 (holding that "the district court erred by failing to grant a bill of particulars which was vital to appellants' understanding of the charges pending and to the preparation of a defense and which would have prevented the Government in its attempt to proceed furtively"). Like the defendants in Bortnovsky whose defense was hindered by the Government's failure to disclose crucial information about the case, Mr. Cassidy cannot defend against the charges unless he knows the date and

4

the identity of the postings (whether they were on Twitter or "other internet websites") as the Indictment obliquely states. Accordingly, the Government should specify the date and the identity of the postings.[2]

Furthermore, the identity of the "person in another state" is not specified in the Indictment. The identity of this person as well as the nature of the "substantial emotional distress" alleged in the Indictment is crucial to preparing his defense and to avoid surprise at trial. Accordingly, the Government should provide this information as well.[3]

## CONCLUSION

For the foregoing reasons, Mr. Cassidy respectfully requests that the Court grant his Motion for a Bill of Particulars in accordance with the proposed Order attached hereto.

---

[2] The Court in Bortnovsky further rejected the argument that providing the defense with discovery was a substitute for a bill of particulars. See 820 F.2d at 575 (admonishing that "[t]he Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some of fifteen burglaries would be demonstrated to be staged.") In this case, two days ago, on May 31, 2011, counsel received voluminous discovery from the Government, but remain clueless as to which conduct the Government believes violates the law.

[3] In accordance with the briefing schedule set by the Court, Mr. Cassidy will be filing a Motion to Dismiss the Indictment based on the grounds that the statute under which he is charged, 18 U.S.C. § 2261A(2)(A), is unconstitutional both facially and as applied to this case. In requesting a bill of particulars, Mr. Cassidy in no way concedes the validity of this statute. Moreover, it is well settled that a bill of particulars cannot save an otherwise defective indictment. Russell v. United States, 369 U.S. 749, 770 (1962); United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997).

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____
JAMES WYDA
Federal Public Defender
EBISE BAYISA
Assistant Federal Public Defender
LAUREN E. CASE
Staff Attorney
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
301/344-0600

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. RWT-11-0091 |
| WILLIAM LAWRENCE CASSIDY | * | |

ORDER

Upon consideration of the defendant's Motion for a Bill of Particulars, the Court hereby GRANTS the Motion for a Bill of Particulars so that the defendant may be sufficiently apprised of the offense alleged and adequately prepare a defense. The Court, therefore, ORDERS, that the Government: (a) identify any posting, including the date and on which Internet website it was transmitted, which it believes constitutes "interstate stalking"and on which it intends to rely upon at trial; (b) the identity of the "person in another state"; and (c) the nature of the person's "substantial emotional distress."

_____
THE HONORABLE ROGER W. TITUS
United States District Judge