## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

      v.                 *      Crim. No. RWT-11-0091

WILLIAM LAWRENCE CASSIDY   *

## DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Mr. William Cassidy, through counsel, hereby files this reply to the Government's opposition to his Motion for a Bill of Particulars.

## INTRODUCTION

On June 2, 2011, Mr. Cassidy filed a Motion for a Bill of Particulars via electronic filing. This motion was filed without incident, appearing immediately on PACER with copies sent to opposing counsel.  On July 22, 2011, consistent with this Court's unambiguous scheduling order of July 15, 2011, Mr. Cassidy timely filed three motions – a motion to dismiss and two motions to suppress.

In page one of Mr. Cassidy's memorandum in support of his motion to dismiss, he noted that he was still awaiting the Government's response as to his Motion for a Bill of Particulars. The Government filed its opposition memorandum (a week out of time) on September 2, 2011, making no mention of the Motion for Bill of Particulars.[1]  In its second out of time request, filed late Friday afternoon, the Government acknowledges receipt of other "numerous other motions"

---

[1]  Mr. Cassidy did not object to the Government's out-of-time filing for its memorandum. Though it is not the function of counsel to remind opposing counsel of its filing deadlines, counsel for Mr. Cassidy did just that.  The request that the Government either timely file a motion or ask for an extension of time in advance went unheeded.

in the case.  Presumably, this includes the motion to dismiss where Mr. Cassidy states that he is

awaiting the Government's response to its Bill of Particulars.

Why it was not until after reading Mr. Cassidy's reply memorandum that the Government

became aware of the Motion for a Bill of Particulars is not clear.  The Government can, of

course, elect not to read the filings in the case, but it should do so at is own peril.[2]  It is also not

clear is why it took from August 1, 2011 to "mid-August" to be provided with the apparently

incomplete internal case file in this novel case.  Mr. Cassidy will defer to the Court as to whether

the Government's explanations constitute excusable neglect under Rule 45 of the Federal Rules

of Criminal Procedure.[3]

## ARGUMENT

The Government's arguments as to why it does not need to provide the defense or the

Court with the speech it believes to be violative of the charged statute are both novel and without

merit.  Though it does not discuss or distinguish any of the cases relied upon by Mr. Cassidy in

his Motion for a Bill of Particulars, the Government claims that it does not have to set forth *any*

---

[2]  Counsel for Mr. Cassidy who, like opposing counsel, has many cases, will not recount for the Court their attempts to get the Government to focus on this case.  A particularly troubling aspect of this case is that Mr. Cassidy has been held at Supermax since his arrest even though Judge Day found that he was not detainable under the Bail Reform Act.  Judge Day found that he was releasable to a third party custodian.  However, given his lack of contacts to this area, there is no third party custodian available.  While in Supermax, he has suffered a heart attack and been hospitalized.  His health has continued to deteriorate in a pre-trial detention facility where he is being held, merely by default.  At some point, a prosecutor in the United States Attorney's Office for the District of Maryland believed this case to be worthy of attention. If that belief is no longer shared, the case should be dismissed.

[3]  The Local Rules for the District of Maryland proceed on the assumption that counsel will file its papers within the deadline set by the Court, and if that is not feasible, the parties should seek to extend the deadline.  Local Rule 105.

of the allegedly criminal speech because it is too numerous.  Apart from the fact that the number

of allegedly harassing communications attributed to Mr. Cassidy pales in comparison to the

number sent by Ms. Zeoli and her followers at KPC, there is simply no way that this Indictment

(or the discovery received from the Government) permits Mr. Cassidy to prepare a defense to

these novel charges[4]; *compare* Indictment filed in *United States v. Shrader*, S.D. W.Va. Jan. 20,

2010), attached as Exhibit A (setting forth the gravamen of the offense charged under section

2261A).[5]  If the Government charged a false statement case, or any case, for that matter, under a

theory that the defendant told "a pack of lies," it could not be excused from the providing the

defendant and the Court notice of exactly which lies it is relying on.  The same reasoning should

obtain in this case.

In addition, the discovery provided by the Government does not immunize the

Government from setting forth the gravamen of the offense.  Mr. Cassidy is not in receipt of the

8,000 tweets alleged in the Complaint, nor is he even in possession of all of tweets specifically

listed in the Complaint.  Mr. Cassidy has been provided (in duplicate, and in some cases,

---

[4]  As the Court is aware, the statutory provision invoked by the Government in this case, section 2261A(2)(A) is part of the Violence Against Women Act (VAWA).  Unlike other criminal statutory provisions VAWA requires reauthorization.  Congress had until September 30, 2011 to reauthorize VAWA, though it has until the end of the year to decide on funding.  The fact that Congress allowed VAWA to lapse calls into question just how important the provision invoked by the Government in this case is as a prosecutorial tool as opposed to extant criminal statutes.

[5]  The alleged victim in this case, Ms. Zeoli, has recently posted, "at the request of her students" her life story online. http://www.tibetanbuddhistaltar.org/2011/09/the-life-story-of-jetsunma-ahkon-lhamo-the-early-years/.  This was posted on September 14, 2011.  In this posting, Ms. Zeoli, discusses, among other things, her capacity to "retrain" people.  Thus, though Ms. Zeoli's postings on Twitter and other blogs are numerous, there can be no contention that the thousands of tweets by KPC followers were not at her behest.

triplicate) with 1359 tweets, dating from July 4, 2010 to December 19, 2010, many of which are pleas to law enforcement to stop Ms. Zeoli and KPC's campaign of harassment.  How this aids Mr. Cassidy is beyond the ability of counsel to comprehend.

Mr. Cassidy has also not received the other parts of the online discussions – namely, the numerous posts by Ms. Zeoli and KPC members directed at Mr. Cassidy.  Plainly, there can be no contention that the partial discovery received in this case can excuse the Government from providing the Court and the defense with the gravamen of the charged offense.

## CONCLUSION

For the reasons stated herein and for the reasons stated in his previously-filed motion, Mr. Cassidy respectfully requests this Court to grant his Motion for a Bill of Particulars.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
EBISE BAYISA
Assistant Federal Public Defender
LAUREN E. CASE
Staff Attorney
6411 Ivy Lane, Suite 710
Greenbelt, Maryland  20770
Tel:  (301) 344-0600
Fax:  (301) 344-0019

4