**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND  20770
TEL:  (301) 344-0600
FAX:  (301) 344-0019

**JAMES WYDA**
FEDERAL PUBLIC DEFENDER

**EBISE BAYISA**
ASSISTANT FEDERAL PUBLIC DEFENDER

December 6, 2011

The Honorable Roger W. Titus
United States District Judge
6500 Cherrywood Lane, Suite 255A
Greenbelt, Maryland 20770

    Re:    *United States v. William L. Cassidy*
              Criminal No. 11-RWT-0091

Dear Judge Titus,

      Counsel is compelled to briefly respond to the Government's letter dated November 28, 2011.  In this letter, the Government appears to concede that the original assertion about the number of Mr. Cassidy's Twitter postings pertaining to Ms. Zeoli and her followers, is inaccurate.  This concession has both First and Fourth Amendment implications and further diminishes the Government's novel theory that Mr. Cassidy should be subject to criminal liability for his public posts on Twitter concerning an individual who is unquestionably a public figure.

      As the Court is aware, the Government's theory has been that the mere volume of Twitter posts "concerning" an individual or an organization can subject an individual to criminal liability.  The Government now acknowledges that the original amount is inaccurate.[1]  However, it, does not indicate how many (even approximately) tweets it believes Mr. Cassidy posted that constitute a federal criminal offense, making only the preposterous statement that in this unprecedented prosecution that "there is nothing in the law that requires any minimum number of tweets. . . ."  Apart from the tweets listed in the Affidavit,[2] the only actual dated, nonduplicative Twitter posts

---

[1]  Ascribing this misinformation to KPC rather than Agent Nye's independent conclusion does not save the Government.  Presumably, Agent Nye included information from KPC in the sworn affidavit offered to a magistrate judge because she believed the source to be credible.

[2]  As previously noted, the tweets to which Mr. Cassidy was responding are omitted from the Affidavit.

The Honorable Roger W. Titus
December 6, 2011
Page 2

from the account "vajragurl" that the defense has in its possession were those provided prior to the hearing. This consists of a group of 60 Twitter postings and a group of 1359 Twitter postings.

Not all of these postings that appear in this account were posted by Mr. Cassidy, of course. Many are retweets. Of the retweets, at least one-third are re-tweets from either Ms. Zeoli herself or one of her followers. For example, in one of her postings on July 5, 2010, which Mr. Cassidy re-tweeted and posted on his own Twitter feed, Ms. Zeoli tweeted: "what is the sound of Bubbaballs smacking on a hairy pimply ass. Not zen." Other tweets that are likewise distasteful, some even menacing, abound on that day and others.[3] Mr. Cassidy re-tweeted many of them.

Mr. Cassidy provides this information to the Court, not to involve it in a discovery dispute, but rather as it impacts the motions pending before the Court. In its pre-trial motions and at the hearing, Mr. Cassidy submitted that the allegations against him (even if true) did not constitute a federal criminal offense, whether viewed from a non-constitutional perspective or from a constitutional perspective. He further maintained that, even if such an allegation were cognizable in the abstract, the information sworn to the reviewing magistrate judge, did not constitute probable cause, or, alternatively, was so riddled with omissions as to vitiate probable cause. Mr. Cassidy renews the legal arguments contained in its earlier filings in light of the above information.

Sincerely,

/s/

EBISE BAYISA
Assistant Federal Public Defender

cc:   Lauren Case, Assistant Federal Public Defender
      David Salem, Assistant United States Attorney
      Anthony Teelucksingh, Special Assistant United States Attorney

---

[3] In her Twitter account under the username "JALpalyul," Ms. Zeoli has, as of this writing, posted 93,076 times, though this number is likely to change given the frequency of her Twitter usage. The number and content of her Twitter posts (during the time period alleged in the Indictment and since) call into question whether she actually suffered the level of "substantial emotional distress" cognizable under a federal cyberstalking statute, even if such a provision could somehow be deemed constitutional.